This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                          **No. 33,677**

**CHARLENE BEGAYE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant appeals the denial of her motion to suppress and her resulting conviction for driving while intoxicated (DWI) in violation of NMSA 1978, Section 66-8-102(C)(1) (2010). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has filed a memorandum in opposition. We have carefully reviewed the arguments made in the memorandum in opposition, but for the reasons stated herein and in the notice, we affirm.

{2} Defendant's memorandum in opposition makes the same argument that was raised in the docketing statement and which we proposed to reject in the notice of proposed disposition. Defendant maintains that the arresting officer did not have reasonable suspicion to initiate a traffic stop of her vehicle. [MIO 4-5] Defendant points out that the officer testified only that he did not see Defendant's passenger fasten a seatbelt and that the seatbelt remained dangling after Defendant's vehicle began to move. [MIO 2, 5] She also points out that the officer could not remember whether the passenger might have moved to the center of the back seat, where the passenger could have fastened a seatbelt without using the shoulder-type seatbelt, and in addition, he could not remember which side of the vehicle the passenger was sitting in. [MIO 5] As Defendant acknowledges, however, on appeal of a suppression decision we do not sit as the trier of fact, and we recognize that the district court is in the best position to resolve issues of witness credibility. *State v. Neal*, 2007-NMSC-

043, ¶ 15, 142 N.M. 176, 164 P.3d 57. In this case the district court specifically credited the arresting officer's testimony in the court's findings and concluded that the officer had observed a violation of the seatbelt statute. [RP 90 (¶ 9)] This conclusion is dispositive of Defendant's contentions. It does not matter whether alternative explanations could possibly explain the officer's observations, because as the district court found, the officer believed a traffic violation had occurred and there was evidence supporting that belief. *Cf. id.* ¶ 21 (noting that an officer is entitled to rely on his or her own experience and specialized training to make inferences relevant to reasonable suspicion, as long as the inferences are based on facts and do not amount to a mere suspicion or hunch).

{3}     Based on the foregoing, we affirm the district court's denial of Defendant's motion to suppress.

{4}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**